# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv69

| | |
|---|---|
| DANA P. BRIGHAM; PATRICIA M. BRIGHAM, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  ORDER AND<br>)  MEMORANDUM AND |
| PATLA, STRAUS, ROBINSON & MOORE, P.A. a North Carolina Professional Association, et al., | )  RECOMMENDATION<br>)<br>)<br>) |
| Defendants. | )<br>) |

Pending before the Court are the Motion to Dismiss [# 52] filed by Defendants Patla, Straus, Robinson & Moore, P.A., Steven I. Goldstein, and Robert A. Freeman, III ("Defendants") and the Motion for Re-Transfer of Venue [# 59] and Amendment to the Motion for Re-Transfer of Venue [# 60] filed by Plaintiffs, who are proceeding *pro se*.[1]  Plaintiffs brought this action in the United States District Court for the Middle District of Florida asserting claims for legal malpractice (Count I) and breach of fiduciary duty and fraud (Count II).

---

[1] Upon consideration of the record and the relevant legal authority, the Court **DENIES** the Motion for Re-Transfer of Venue and the Amendment to the Motion for Re-Transfer of Venue [# 59 & # 60].  This Court will not reconsider the Order of the Middle District of Florida transferring the case to this Court.

-1-

Subsequently, the Middle District of Florida transferred the case to this Court. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 52].

I.  **Background**

Plaintiffs are both citizens of Florida. (Pls.' Am. Compl. ¶ 1.) Plaintiff Dana Brigham is the son of Marion Brigham. Brigham v. Brigham, 11 So. 3d 374, 376 (Fla. Dist. Ct. App. 2009).[2] Plaintiff Patricia Brigham is married to Plaintiff Dana Brigham. Id.

Defendant Patla, Straus, Robinson & Moore, P.A is a law firm located in Asheville, North Carolina. (Id. ¶¶ 1-2.) Defendants Goldstein and Freeman are both North Carolina residents and lawyers at Defendant Patla, Straus, Robinson & Moore, P.A. (Id.)

Upon the death of her husband in 1982, Marion Brigham became the sole owner of thirteen parcels of property in North Carolina. (Id. ¶¶ 4, 6.) Marian Brigham retained a Florida lawyer, Harvey Burger, to assist her with estate planning related to the thirteen parcels of North Carolina real estate. (Id. ¶¶ 4, 7-8.) As part of this estate planning, Marion Brigham executed the Amended Marion

---

2  The Amended Complaint specifically references the decision in Brigham and incorporates portions of the opinion into the Amended Complaint. (Pls.' Am. Compl. ¶¶ 27-30.) The Court has referenced some of the facts as set forth by the Florida Court of Appeals in Brigham in order to provide limited background facts and context for understanding the nature of the claims asserted in the Amended Complaint.

W. Brigham Revocable Trust Number One on July 13, 1990. (Id. ¶ 9; Ex. A.) Plaintiff Dana Brigham was a Co-Trustee of this trust. (Pls.' Am. Compl. ¶¶ 9-10.) The trust documents contained a Florida choice of law provision. (Ex. A.)

Marion Brigham also wanted to create a Florida Land Trust in the North Carolina property. (Pls.' Am. Compl. ¶ 17.) Accordingly, Plaintiff Dana Brigham contacted Defendant Goldstein in North Carolina on April 22, 1991, requesting that he represent Plaintiff Dana Brigham related to the thirteen properties in North Carolina and review the trust documents. (Pls.' Am. Compl. ¶ 13; Ex B.) Defendants then performed legal work for Plaintiff Dana Brigham during 1991. (Pls.' Am. Compl. ¶ 14; Ex. C.) As part of this legal work, Plaintiffs, Defendants, and Mr. Burger met at Defendants' office in Asheville, North Carolina on July 12, 1991. (Pls.' Am. Compl. ¶ 16.) At the time, Marian Brigham intended to create a Florida Land Trust in the North Carolina properties, and Defendants were retained to ensure that the transfer of the properties complied with the requirements of North Carolina law. (Id. ¶ 17.)

To facilitate the transfer of the North Carolina property into the Florida Land Trust, Mr. Burger drafted the Land Trust Agreement for the EFP Brigham Land Trust No. 1. (Id. ¶ 18.) Defendants reviewed the agreement and Defendant Goldstein made a number of handwritten annotations and notes on the document.

(Id.) Defendant Goldstein then prepared the North Carolina deeds necessary to transfer the properties, which he recorded on October 16, 1991. (Id. ¶ 20; Ex. E.)

Three years later, Plaintiffs had another conference with Defendants in Asheville. (Pls.' Am. Compl. ¶ 22.) Plaintiffs allege that the previously entered trust agreement was then used as the model for six additional Florida Land Trusts, which were entered into in 1994. (Id.) Defendants drafted and recorded the North Carolina deeds necessary to transfer the North Carolina land from Dana Brigham as Trustee of the EFP Brigham Land Trust No. 1 to Dana Brigham as Trustee of the separate land trusts. (Id. ¶ 22; Ex. F.) These deeds were recorded on August 25, 1994. (Ex. F; Pls' Am. Compl. ¶ 22.) As a result of these transfers, Dana Brigham became the owner of 688 of the 691 acres of the Cloud Valley property in his individual capacity. (Pls' Am. Compl. ¶¶ 23-24; Ex. G.)

Marion Brigham died on June 15, 2002. (Pls.' Am. Compl. ¶ 11.) After Marion Brigham's death, a family feud ensued, and several Brigham family members sued Plaintiffs in state court in Florida. (Id. 25.) Although the trial court found in favor of Dana and Patricia Brigham, the District Court of Appeal of Florida, Third District, reversed, concluding that the transfer of property from Dana Brigham as Trustee to Dana Brigham individually was void under Florida law. Brigham, 11 So. 3d at 382-84. The court also found that Dana and Patricia

Brigham breached their fiduciary duties. Id. at 386-388. Subsequently, the trial court entered a Judgment against Dana Brigham and Patricia Brigham that they were obligated to pay the EFP Brigham Land Trust No.1 the sum of $3,804,425.87 and the Marion W. Brigham Revocable Trust the sum of $4,131,486.58, plus interest. (Ex. H.) The trial court also awarded punitive damages. (Id.)

Plaintiffs then brought this action in the United States District Court for the Middle District of Florida asserting claims for legal malpractice and breach of fiduciary duty and fraud. Plaintiffs contend that the Judgement entered against them was the result of the legal malpractice committed by Defendants. Specifically, Plaintiffs contend that Defendants erred by not including the required formalities in the warranty deeds. Plaintiffs also allege that Defendant Freeman provided false or grossly negligent testimony in 2007. The United States District Court for the Middle District of Florida then transferred the case to this Court. (Order, Apr. 1, 2015). After the case was transferred to this Court, Defendants moved to dismiss the Amended Complaint, and the District Court referred the motion to this Court. Defendants' Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims

state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiffs. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct.

at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. The Legal Malpractice Claim**

Count I of the Amended Complaint asserts a claim for legal malpractice. Plaintiffs' legal malpractice claim is governed by N.C. Gen. Stat. § 1-15(c), which provides for a three year statute of limitations period and a four year statute of repose.[3] Babb v. Hoskins, 733 S.E.2d 881, 884 (N.C. Ct. App. 2012). The four year statute of repose places an outer limit on the rights of an individual to bring a civil action. CTS Corporation v. Waldburger, __ U.S. __, 134 S. Ct. 2175, 2182

---

3 To the extent that Plaintiffs contend that its legal malpractice claim is governed by Florida law, rather than North Carolina law, such claim is meritless. The Florida choice of law provision in the trust agreement does not require that this Court apply Florida law to the malpractice claims asserted by Plaintiffs against Defendants.

(2014). As such, the statute of repose can act to cutoff a plaintiff's cause of action before he or she even suffers an injury. Id. at 2182-83; Hargett v. Holland, 447 S.E.2d 784, 787 (N.C. 1994) (explaining that if a plaintiff fails to bring suit within the time provided by a statute of repose, the plaintiff has no cause of action left to assert.)

The accrual date for the statute of repose is not measured from the date of injury. Hargett, 447 S.E.2d at 787. A cause of action for legal malpractice accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action . . . ." N.C. Gen. Stat. § 1-15(c). In Hargett the North Carolina Supreme Court held that the last act of the defendants giving rise to a cause of action in a legal malpractice action related to the drafting of a will was the supervision and execution of the will in 1978, not the subsequent death of the testator. 447 S.E.2d at 787-88. Similarly, the North Carolina Court of Appeals has held that the last act of an attorney giving rise to a malpractice claim related to a trust was the drafting of the trust restatement. Babb, 744 S.E.2d at 885.

The legal services provided by Defendants giving rise to the legal malpractice claim asserted in the Amended Complaint occurred between 1991 and 1994 when Defendants prepared and recorded the deeds related to the transfer of the North Carolina property. The alleged failure of Defendants to include the

language required by Florida law to facilitate the transfer of the property as a gift occurred in the 1990s. Moreover, Marion Brigham died in 2002. Plaintiffs, however, did not bring this action until 2014. Because the last act of Defendants giving rise to any legal malpractice claim occurred well over four years prior to Plaintiffs' bringing this action, Plaintiffs' legal malpractice claim is barred by the applicable statute of repose. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** Count I.

### B. The Breach of Fiduciary Duty and Fraud Claim

Count II asserts a claim for breach of fiduciary duty and fraud. As a threshold matter, Plaintiffs' claims of breach of fiduciary duty are simply a restatement of their claims for legal practice. Because the legal malpractice claims are barred by the statute of repose, the breach of fiduciary duty claims are similarly barred. See Carlisle v. Keith, 614 S.E.2d 542, 547-48 (N.C. Ct. App. 2005); Sharp v. Gailor, 510 S.E2d 702, 704 (N.C. Ct. App. 1999).

The statute of limitations for fraud is three years. Carlisle, 614 S.E.2d at 548. "A cause of action alleging fraud is deemed to accrue upon discovery by plaintiff of facts constituting the fraud." Id. The term "discovery" means either the actual discovery of the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable diligence. State Farm & Cas. Co. v. Darsie, 589

S.E.2d 391, 396 (N.C. Ct. App. 2003). To the extent that Plaintiffs assert a fraud claim against Defendants based on their representations that they had an attorney client relationship with Marion Brigham or their failure to disclose that they did not have an attorney client relationship, such claims are barred by the statute of limitations because the acts forming the basis of these claims occurred prior to Marion Brigham's death in 2002 and the latest possible date of any discovery of such claims was the testimony of Defendant Freeman during the non-jury trial held in Florida in 2007. Any fraud claim arising from the actions or inactions of Defendants accrued well over three years prior to Plaintiffs bringing this action and are barred by the statute of limitations. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** Count II.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 52] and **DISMISS** the Amended Complaint. The Court **DENIES** the Motion for Re-Transfer of Venue [# 59] and Amendment to the Motion for Re-Transfer of Venue [# 60].

Signed: January 24, 2016

Dennis L. Howell
United States Magistrate Judge

**<u>Time for Objections</u>**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).