THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00069-MR-DLH

| | |
|---|---|
| DANA P. BRIGHAM and PATRICIA M. BRIGHAM, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PATLA, STRAUS, ROBINSON & MOORE, P.A., a North Carolina Professional Association; STEVEN I. GOLDSTEIN, Individually and as Shareholder and/or Partner in and to Patla, Straus, Robinson & Moore, P.A.; ROBERT A. FREEMAN, III, Individually and as Shareholder and/or Partner in and to Patla, Straus, Robinson & Moore, P.A., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 52]; the Plaintiffs' Motion for Re-Transfer of Venue [Doc. 59], as amended [Doc. 60]; the Magistrate Judge's Order and Memorandum and Recommendation regarding the disposition of those motions [Doc. 65]; and the Plaintiff's Objections to the Order and Memorandum and Recommendation [Doc. 70].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the pending motions in the above-captioned action. On January 25, 2016, the Magistrate Judge filed an Order and Memorandum and Recommendation [Doc. 65], in which the Magistrate Judge denied the Plaintiffs' motion to "re-transfer" this case and recommended granting the Defendants' Motion to Dismiss. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. After receiving an extension of time to do so, the Plaintiffs filed their Objections to the Order and Memorandum and Recommendation on February 16, 2016 [Doc. 70], and the Defendant filed a Reply on February 18, 2016 [Doc. 71].

After careful consideration of the Magistrate Judge's Order denying the Plaintiffs' motion for transfer of venue, and the Plaintiffs' Objections thereto,[1]

---

[1] The main thrust of the Plaintiffs' objections is that the Florida courts have personal jurisdiction over the Defendants. This is not relevant to any issue before this Court, but is merely a re-hash of the Plaintiffs' arguments before the Florida Court. It is undisputed that this Court has personal jurisdiction over the parties, and the Magistrate Judge recommends dismissal because the Plaintiffs have brought this action after the expiration of the statute of limitations and the statute of repose.

the Court finds that the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law. Further, after careful consideration of the Magistrate Judge's Memorandum and Recommendation and the Plaintiffs' Objections thereto, the Court finds that the Magistrate Judge's proposed findings of fact are correct and that his proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections, affirms the Magistrate Judge's Order denying transfer, and accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 70] are **OVERRULED**; the Magistrate Judge's Order denying the Plaintiffs' Motion for Re-Transfer of Venue [Doc. 65] is **AFFIRMED**; the Memorandum and Recommendation [Doc. 65] is **ACCEPTED**; the Defendants' Motion to Dismiss [Doc. 52] is **GRANTED**; and this case is hereby **DISMISSED**.

The Clerk shall enter a judgment simultaneously herewith.

**IT IS SO ORDERED.**

Signed: February 23, 2016

Martin Reidinger
United States District Judge